**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2369-22

RENEE RANSDELL,

     Plaintiff-Appellant,

v.

SHARI WALDRON,

     Defendant-Respondent,

and

CAB EAST, LLC,

     Defendant.

_____

Submitted October 16, 2024 – Decided October 30, 2024

Before Judges Gooden Brown and Chase.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Docket No. L-0252-20.

Christopher P. Luongo, attorney for appellant.

Cooper Maren Nitsberg Voss & Decoursey, attorneys for respondent (David Della-Badia, on the brief).

PER CURIAM

In this personal injury action, plaintiff Renee Ransdell appeals from a March 3, 2023 order granting summary judgment in favor of defendant Shari Waldron. We affirm.

I.

In January 2018, Ransdell and Waldron were involved in a motor vehicle accident in Newark. Ransdell was transported by relatives to the hospital, examined, and discharged on the same day. At the time of the accident, Ransdell was insured and subject to the limitation on lawsuit threshold requiring her to prove a permanent injury under N.J.S.A 39:6A-8(a).

Ransdell initiated suit in January 2020, naming Waldron and Cab East, LLC, as the vehicle's owner and Waldron's employer[1]. Ransdell alleged property damage to her vehicle, permanent bodily injury, and lost earnings. Specifically, she submitted she suffered a head injury leading to hearing loss as well as spinal injuries.

---

[1] Defendant Cab East, LLC, was never served with the summons and complaint, and was dismissed from the action pursuant to Rule 1:13-7 due to lack of prosecution.

Discovery closed in September 2021. During the discovery period, Ransdell failed to provide any expert reports or expert opinions that her injuries were permanent and causally related to the accident.

The matter went to mandatory, non-binding arbitration in March 2022. Afterwards, Ransdell timely filed for trial de novo, and trial was set for November 2022. Waldron then filed a motion for summary judgment returnable on September 23, 2023. Ransdell's counsel asked Waldron's counsel to consent to carry the motion to November 18, 2022, and the trial to February 13, 2023. Waldron's counsel agreed "to afford [Ransdell] an opportunity to respond to the motion based on the record as it stood when the motion was filed" and not to provide Ransdell "the opportunity to provide new and additional discovery."[2]

Ransdell attached to her opposition to the motion for summary judgment a November 3, 2022 affirmation by Dr. Rahul Sood, one of her treating physicians, along with notes from an October 18, 2022 visit. The treatment portion of the report stated, "[t]he patients' clinical symptoms are causally related to the injuries sustained in the accident of 1/18/2018 the patient was involved in within a reasonable degree of medical probability. The long-term

_____

[2] Ransdell's attorney on appeal is not the same attorney who represented her in the trial court.

A-2369-22

prognosis is guarded given the tendency for periodic exacerbations and remissions." The affirmation stated, "[m]y findings as to the matters herein stated are based upon facts, medical records, diagnostic testing, and other pertinent information contained in my personal files, and are based on my own personal observations and physical examination." Ransdell also attached to her opposition a November 1, 2022 certification of permanency completed by Dr. Sood.

The court granted the motion for summary judgment stating Ransdell failed to meet her burden under N.J.S.A. 39:6A-8(a), and while the failure to produce a timely certificate of permanency was not fatal to the claim, Ransdell also "did not provide any medical expert opinion or narrative report as required by [Rule] 4:17-4, or any interrogatories." The court noted Ransdell's failure to move the court to reopen discovery and failure to attach a certification of due diligence to the belated certification of permanency.

This appeal followed, in which Ransdell argues: (1) the certification of permanency from her treating doctor substantially complied with The Automobile Insurance Cost Reduction Act[3] ("AICRA"); and (2) the matter

---

[3] N.J.S.A. 39:6A-1.1 to -35.

should be remanded so Ransdell's new attorney can remedy the errors of her prior counsel.

## II.

We review a grant of summary judgment de novo, Gilbert v. Stewart, 247 N.J. 421, 442 (2021), applying "the same standard as the trial court," State v. Perini Corp., 221 N.J. 412, 425 (2015); see also, Statewide Ins. Fund v. Star Ins. Co., 253 N.J. 119, 124-25 (2023). Summary judgment is proper if the record demonstrates "'no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment . . . as a matter of law.'" Burnett v. Gloucester Cnty. Bd. of Chosen Freeholders, 409 N.J. Super. 219, 228 (App. Div. 2009) (quoting R. 4:46-2(c)). A court must view the motion record in a light most favorable to the non-moving party, here plaintiff. Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 528-29 (1995). Our Supreme Court has held the correct procedure for deciding cases where the injuries are challenged as being insufficient to meet the lawsuit threshold will follow the summary judgment model. Oswin v. Shaw, 129 N.J. 290, 294 (1992).

We also acknowledge the broad discretion of courts to establish discovery deadlines. See Pomerantz Paper Corp. v. New Cmty. Corp., 207 N.J. 344, 371 (2011) (holding "'[w]e generally defer to a trial court's disposition of discovery

5

matters unless the court has abused its discretion[,] or its determination is based on a mistaken understanding of the applicable law.'") (quoting Rivers v. LSC P'ship, 378 N.J. Super. 68, 80 (App. Div. 2005)).

In addition, the "'admission or exclusion of expert testimony is committed to the sound discretion of the trial court.'" State v. Cotto, 471 N.J. Super. 489, 531 (App. Div. 2022), certif. denied, 252 N.J. 166 (2022) (quoting Townsend v. Pierre, 221 N.J. 36, 52 (2015)). In the absence of "'a clear abuse of discretion,'" we "'will not interfere with the exercise of that discretion.'" State v. McGuigan, 478 N.J. Super. 284, 306 (App. Div. 2024) (quoting Nicholas v. Hackensack Univ. Med. Ctr., 456 N.J. Super. 110, 117 (App. Div. 2018)).

AICRA permits claims for non-economic loss only where the injured party "has sustained a bodily injury which results in . . . a permanent injury within a reasonable degree of medical probability, other than scarring or disfigurement. . . ." N.J.S.A. 39:6A-8(a). To overcome this limitation on lawsuits, or verbal threshold, "the injury must be proven by objective credible [medical] evidence." Serrano v. Serrano, 183 N.J. 508, 514 (2005). Additionally, it requires "that the plaintiff file a certification by a physician attesting, 'under the penalty of perjury' that the injury satisfies one of the threshold categories." Ibid.

A-2369-22

AICRA requires a plaintiff to provide, within sixty days of the answer to the complaint, "a certification from the licensed treating physician or a board-certified licensed physician to whom the plaintiff was referred by the treating physician" which states the plaintiff's injury is permanent and is "based on and refer[s] to objective clinical evidence . . . ." N.J.S.A. 39:6A-8(a).  This focus on objective evidence prevents lawsuits based only on a plaintiff's subjective reports from proceeding.  "Those rigorous standards . . . were intended to ensure that only honest and reliable medical evidence and testing procedures would be introduced to prove that an injury meets the threshold."  DiProspero v. Penn, 183 N.J. 477, 489 (2005).

The law permits a court to "grant no more than one additional period not to exceed [sixty] days to file the certification pursuant to this subsection upon a finding of good cause."  N.J.S.A. 39:6A-8(a).

"[A] plaintiff who fails to file a timely certification is subject to an array of sanctions that include reimbursing the defendant with reasonable attorney's expenses or dismissal of the complaint."  DiProspero, 183 N.J. at 489.  In determining the appropriate remedy for a failure to file a timely certification, courts make a discretionary determination "to choose a response that is proportionate to the procedural stimulus" after considering "the facts, including

7

the willfulness of the violation, the ability of plaintiff to produce the certification, the proximity of trial, and prejudice to the adversary . . . ." Casinelli v. Manglapus 181 N.J. 354, 365 (2004).

III.

Applying this standard, we are not persuaded the court erred in granting defendant's motion for summary judgment. Plaintiff failed to provide any expert reports by the discovery end date in September 2021, before the arbitration in March 2022, before defendant filed a motion for summary judgment in August 2023, before the initial return date of such motion in September 2023, or before the initial trial date in November 2023. Instead, she submitted an untimely expert report—from a previously unnamed expert—over a year after the close of discovery in her opposition to defendant's motion for summary judgment.

Moreover, Rule 4:23-5(b) provides: "[t]he court at trial may exclude the testimony of a treating physician or of any other expert whose report is not furnished pursuant to [Rule] 4:17-4(a) to the party demanding the same." R. 4:23-5(b). Under Rule 4:17-7, amendments to interrogatory responses "shall be served not later than [twenty] days prior to the end of the discovery period" and "may be allowed thereafter only if the party seeking to amend certifies therein that the information requiring the amendment was not reasonably available or

discoverable by the exercise of due diligence prior to the discovery end date." Absent a certification of due diligence, "the late amendment shall be disregarded by the court and adverse parties." R. 4:17-7. A valid certification of due diligence must provide a "precise explanation that details the cause of delay and what actions were taken during the elapsed time . . . ." Bender v. Adelson, 187 N.J. 411, 429 (2006). Plaintiff's untimely submission of her expert report—as an exhibit to her opposition to defendant's summary judgment motion without a certificate of due diligence or a motion to reopen discovery—did not conform to Rule 4:17–7.

Here, the uncontroverted sequence of events indicates dismissal was the appropriate remedy. The certification was only sought by Ransdell's former counsel in response to the motion for summary judgment well after the discovery end period. Further, unlike in Casinelli, there was no motion for or finding of good cause (or exceptional circumstances) to extend the time for filing as permitted by the statute. Under these circumstances and considering the substantial prejudice to respondent, the trial court was well within its discretion to disregard the certification of permanency and consider it outside the scope of the record upon which summary judgment could be granted.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2369-22